**Continuing Abatement Order filed October 30, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-09-00364-CV
_____

**GERARD STEPHAN LAZZARA, JR., Appellant**

**V.**

**JOYCE ANN LAZZARA, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-14931**

---

## CONTINUING ABATEMENT ORDER

On May 21, 2009, this court abated this appeal because appellant petitioned for voluntary bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, under cause number 09-33361. *See* Tex. R. App. P. 8.2.

Through the Public Access to Court Electronic Records (PACER) system, the court learned that the bankruptcy case filed under cause number 09-33361 was closed February 27, 2012. On September 13, 2012, the court notified the parties that the appeal was subject to dismissal for want of prosecution unless a response was filed demonstrating grounds for continuing the appeal.

On September 21, 2012, appellant's counsel filed a response stating that the estate continues to be managed by the court's designee. According to PACER, the estate has been administered and the bankruptcy trustee has been discharged. On February 27, 2012, United States Bankruptcy Judge Karen K. Brown signed an order stating that "[t]he estate has been fully administered," the trustee is discharged, the trustee's bond is cancelled and the case is closed. The court requested that appellant provide an additional response demonstrating why the appeal should not be dismissed.

On October 5, 2012, appellant filed a supplemental response notifying the court that a second bankruptcy case was filed in the United States Bankruptcy Court for the Southern District of Texas, under cause number 09-33345. According to appellant, the case encompasses both Gerard Stephan Lazzara and RR Valve, Inc., and the bankruptcy estate and the properties subject to this appeal are under the control of the court imposed trustee, Douglas J. Brinkley.

Because cause number 09-33345 has not been closed, the appeal remains suspended until it may be reinstated in accordance with federal law. Tex. R. App. P. 8.2. Accordingly, we **ORDER** this court's **ABATEMENT** to continue in effect. When a case has been suspended by a bankruptcy filing, a party may move the appellate court to reinstate the appeal if permitted by federal law or the bankruptcy court. Tex. R. App. P. 8.3. If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion. *Id.* A party filing a motion to reinstate shall specify what further action, if any, is required from this court when the appeal is reinstated. *See* Tex. R. App. P. 10.1(a).

For administrative purposes only, and without surrendering jurisdiction, the appeal remains abated and treated as a closed case until further order of this court.

PER CURIAM

2